IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**MARCUS SEARS**                                                        **PLAINTIFF**

**v.**                                            **Civil Action No. 5:14cv65-DCB-JCG**

**F. SHAW,** *Warden* **et al.**                                    **DEFENDANTS**

## REPORT AND RECOMMENDATION

Plaintiff Marcus Sears, a postconviction inmate in the custody of the Mississippi Department of Corrections (MDOC), filed this suit pursuant to 42 U.S.C. § 1983, after being stabbed by another inmate. The Court dismissed Plaintiff's failure to protect claim on March 17, 2016, because Plaintiff failed to exhaust available administrative remedies with respect to that claim. (ECF Nos. 47, 54). This Report and Recommendation concerns Plaintiff's remaining claim regarding segregation and restricted privileges. Plaintiff's claim that he was improperly reassigned to administrative segregation, while his assailant remained in general population, fails to implicate any protected liberty interest under the Due Process Clause of the Fourteenth Amendment. Defendants' Motions for Summary Judgment should be granted (ECF Nos. 50, 52), and Plaintiff's Motions (ECF Nos. 49, 55, 58, 59) denied. There are no genuine issues of material fact, and Plaintiff's case should be dismissed in its entirety.

## I. BACKGROUND

A.    Factual Background

At all times relevant to this suit, Plaintiff was housed at the Wilkinson

County Correctional Facility in Woodville, Mississippi (WCCF). On March 22, 2014, Plaintiff was assaulted and stabbed several times by another inmate, Kerwin Franklin, during an altercation between the two over what program to watch on the television. Plaintiff and Franklin were in the day room of their general population housing unit at the time of the altercation. A nine-inch sharpened instrument was later recovered from Franklin's cell. Plaintiff maintained that it was Franklin's weapon. Franklin maintained that Plaintiff had the weapon, began to assault Franklin, and Franklin took the weapon from Plaintiff to defend himself.

Plaintiff was medically evaluated and transported to a hospital with several non-life-threatening stab wounds. Franklin was escorted to medical to be evaluated for injuries to his hand. Plaintiff and Franklin received a rule violation (RVR). Plaintiff was placed in administrative segregation with loss of certain privileges, while Franklin remained in his assigned housing unit in general population. Plaintiff remained in administrative segregation for approximately three weeks and was ultimately transferred to East Mississippi Correctional Facility in Meridian, Mississippi (EMCF). (ECF No. 52-2, at 1; ECF No. 52-3, at 1-2; ECF No. 53, at 5). Plaintiff's medical records indicate that a transfer was recommended because Plaintiff had "decompensated at WCCF" and was in need of mental health treatment at EMCF. (ECF No. 41, at 25-26).

B.   Procedural Background

On April 17, 2014, Plaintiff submitted a request for administrative remedy that provided [all sic in original]:

> This is a request for administrative remedy concerning an issue that happened on March 27, 2014,[1] which resulted in me being punished by restricting me from my right (privileges) that I have as an inmate of MDOC. I was (quote) guilty of . . . RVR. I was taken to an emergency room after been stabbed 9x's Pictures were taken. Then placed in short term segregation where I refused to sign the RVR. If it were not for the canteen lady notifying me that I had been placed on restriction than I wouldn't have never known. . . . The principle of the matter is I could have lost my spirit in prison and to be brought back to reality that I am still being oppressed and segregated which seems as if I've been kidnapped by a date rape drug. Two wrongs:
>
> 1. The inmate that stabbed me is still housed in Foxtrot neither he was segregated.
>
> 2. Found guilty of an RVR which I refused to sign and were not given a hearing.

(ECF No. 37-1, at 4).

Plaintiff's request for administrative remedy review was accepted, and a First Step Response was issued by Major Walker on June 2, 2014. Major Walker wrote:

> In response to your concern you have not provided enough information to support your claim. I can't determine your request. You received proper disciplinary actions which relates to your restriction. I find this matter resolved.

(First Step Resp. [37-1] at p. 5).

Plaintiff signed the First Step Response on June 6, 2014, checking that he "was not satisfied with this response and wish[ed] to proceed to Step Two." *Id.* The reason Plaintiff provided was: "In dis matter to determined I was wrongfully housed

---

[1]The date of the assault was March 22, 2014.

and stabbed down by gang affiliation." *Id.*

On July 7, 2014, a Second Step Response signed by Warden Shaw was issued, providing:

> In response to your ARP claim in reference to you stating that the inmate who stabbed you is still housed in Foxtrot and was not segregated, your claim has been investigated. According to the incident detail you were placed in segregation because you had been assaulted by an offender with a sharpened instrument who you had an altercation with over the television. You were taken to medical to be evaluated whereas you needed to be transported to Field Memorial Hospital with no life threatening injuries. Also, you and offender Kerwin Franklin received a rule violation for your actions. According to the Disciplinary policy, restriction of all privileges is one of the sanction[s] for a category-B violation. I consider this matter resolved at this level.

(Sec. Step Resp. [37-1] at p. 10).

Plaintiff signed the Second Step Response on July 10, 2014, and filed this suit on July 28, 2014. An omnibus hearing, which also served as a *Spears*[2] hearing, was held on May 12, 2015. Because Defendants maintained that Plaintiff failed to exhaust his administrative remedies before filing suit in federal court, the undersigned set a deadline for motions based upon failure to exhaust administrative remedies. Defendants filed such a motion, and the Court dismissed Plaintiff's failure to protect claim for failure to exhaust administrative remedies.

After recommending that Plaintiff's failure to protect claim be dismissed for failure to exhaust administrative remedies, the undersigned set a deadline of

---

[2]*Spears. v. McCotter,* 766 F.2d 179 (5th Cir. 1985).

February 26, 2016, for motions addressing exhausted claims. Now before the Court are two defense motions: (1) a Motion for Summary Judgment, filed by Defendants Christopher Epps and Archie Longley (ECF No. 50), and (2) a Motion for Summary Judgment, filed by Defendants Warden Frank Shaw, Captain Mary Groom, Unit Manager Erika Perkins, and Major Gabriel Walker (ECF No. 52).

Plaintiff has filed several motions (ECF Nos. 49, 55, 58, 59) since the first Report and Recommendation, but the filings almost exclusively address the failure to protect claim that has already been dismissed. Regarding the post-assault segregation and discipline, Plaintiff states only that the conditions exacerbated his mental health condition. (ECF No. 56, at 2).

## II. ANALYSIS

A. Standard of Review

Summary judgment is mandated against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party has the burden of proof at trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A motion for summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In evaluating a summary judgment motion, the Court must construe "all facts and inferences in the light most favorable to the nonmoving party." *McFaul v. Valenzuela,* 684 F.3d 564, 571 (5th Cir. 2012).

B.  <u>Motion for Summary Judgment, filed by Defendants Christopher Epps and Archie Longley (ECF No. 50)</u>

The only allegations Plaintiff directs toward former MDOC Commissioner, Christopher Epps, and former MDOC Deputy Commissioner for Institutions, Archie Longley, concern Plaintiff's allegation that Defendants failed to protect him from the March 22, 2014, assault. Plaintiff's failure to protect claim has already been dismissed, and for this reason, Epps and Longley should be dismissed as Defendants.

C.  <u>Motion for Summary Judgment, filed by Defendants Warden Frank Shaw, Captain Mary Groom, Unit Manager Erika Perkins, and Major Gabriel Walker (ECF No. 52)</u>

Plaintiff's claim that he was improperly reassigned to segregation while the inmate who assaulted him remained in general population fails to implicate any protected liberty interest under the Due Process Clause of the Fourteenth Amendment.

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin,* 545 U.S. 209, 221 (2005). "[I]n addition to the obvious due process interests implicated by restrictions that lengthen a sentence, prisoners' liberty interests 'will be generally limited to freedom from restraint . . . which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Wilkerson v. Goodwin,* 774 F.3d 845, 853 (5th Cir. 2014) (citing *Sandin v.*

*Conner,* 515 U.S. 472, 484 (1995)).

In *Sandin v. Conner,* the United States Supreme Court held that no liberty interest was implicated by a prisoner's segregated confinement for thirty days, imposed as discipline for disruptive behavior. 515 U.S. at 485-86. The Supreme Court found that the segregation in *Sandin* did not "present a dramatic departure from the basic conditions of Conner's indeterminate sentence." *Id.* at 485. The degree of confinement was not excessive "in either duration or degree of restriction" compared to other types of restrictive confinement imposed on inmates, and the thirty-day disciplinary segregation did not work a "major disruption in the inmate's environment." *Id.* at 486-87.

Subsequently, in *Wilkinson v. Austin,* the Supreme Court held that a prisoner's assignment to the Ohio Supermax facility entailed "highly restrictive conditions" of confinement, and did give rise to a liberty interest. 545 U.S. at 213. In the Ohio Supermax, inmates spent 23 hours a day in single cells, with solid metal doors that prevented communication from one cell to another; prisoners took all of their meals alone in their cells; and the rare visitation allowed was conducted through glass walls. *Id.* at 214. In addition, confinement at the Supermax facility was indefinite, and otherwise eligible inmates were disqualified for parole consideration by placement in Supermax. *Id.* at 224. The Supreme Court explained that "[w]hile any of these conditions standing alone might not be sufficient to create a liberty interest, taken together they impose an atypical and significant hardship

7

within the correctional context." *Id.*

Plaintiff's three-week administrative segregation with loss of privileges does not implicate a liberty interest. Plaintiff remained in segregation for less time than the plaintiff in *Sandin,* where the Supreme Court found no liberty interest implicated. A temporary loss of commissary privileges does not support a due process claim. *Malchi v. Thaler,* 211 F.3d 953, 958 (5th Cir. 2000) ("thirty-day loss of commissary privileges and cell restrictions do not implicate due process concerns."); *see also Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997) (30-day commissary and cell restrictions were "merely changes in the conditions of . . . confinement and do not implicate due process concerns."). The conditions imposed upon Plaintiff following the assault were not excessive "in either duration or degree of restriction" and did not work a "major disruption in the inmate's environment." *Sandin,* 515 U.S. at 486-87. For this reason, Plaintiff has not asserted a violation of a constitutional right, and the remainder of his case should be dismissed.

### III. **RECOMMENDATION**

It is recommended that the Motion for Summary Judgment, filed by Defendants Christopher Epps and Archie Longley (ECF No. 50), be granted; the Motion for Summary Judgment, filed by Defendants Warden Frank Shaw, Captain Mary Groom, Unit Manager Erika Perkins, and Major Gabriel Walker (ECF No. 52), be granted, and Plaintiff's Motions (ECF Nos. 49, 55, 58, 59) be denied. This case should be dismissed in its entirety.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 6th day of July, 2016.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE